UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

    Plaintiff,

  v.

GREGORY WAYNE SHOOK,

    Defendant.

Case No. 15-cr-00589-VC-1 (JSC)

**DETENTION ORDER**

    Defendant Gregory Wayne Shook is charged by federal indictment with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2)(2), and one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2)(3).

    Mr. Shook came before the Court on January 29, 2016 for a detention hearing. He was represented by Galia Amram, Assistant Federal Public Defender. Assistant United States Attorney Shailika Kotiya appeared for the government. The Pretrial Services Report recommended that Mr. Shook be detained. Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community and the appearance of Mr. Shook as required. Accordingly, Defendant will be detained pending trial in this matter.

    The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court makes the following findings as a basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community and the appearance of Defendant as required.

While Mr. Shook does not have a criminal record, he has no ties to the Northern District of California, no family support, and has lived in his truck for the past eight years. He does not have any assets that he can post and no potential sureties. The Court would not allow him to continue his work as a truck driver because that would be placing him outside the Court's supervision and back in exactly the same situation he was living in at the time he allegedly committed the offenses charged. Due to the nature of the charges, he cannot live in a halfway house. Further, the government proffered that at the time of his arrest children's toys were found in his truck even though he does not have children. Given the nature of the charges, this fact—which Mr. Shook's counsel has not had the opportunity to explore—is gravely concerning.

The Court therefore concludes that no condition or combination of conditions will reasonably assure the safety of other persons and the community and the appearance of the defendant as required. These findings are made without prejudice to the defendant's right to seek review of his detention should new information arise.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant Shooks be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant Shooks be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: January 29, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2